**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Mark Cook, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Ashton & Weinberg, Inc.; and DOES 1-10, | : **COMPLAINT** |
| inclusive, | : |
| | : |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Mark Cook, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's

personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer

debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      The Plaintiff, Mark Cook ("Plaintiff"), is an adult individual residing in East

Taunton, MA, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Ashton & Weinberg, Inc. ("Ashton"), is a Road Island business entity with an address of 7 Austin Avenue, Suite 2, Greenville, Road Island 02828, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Ashton and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Ashton at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Alleged Debt

8.      An alleged financial obligation in the approximate amount of **$2,000.00** (the "Alleged Debt") to his credit union (the "Creditor").

9.      The Alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Alleged Debt was purchased, assigned or transferred to Ashton for collection, or Ashton was employed by the Creditor to collect the Alleged Debt.

11.      The Defendants attempted to collect the Alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Ashton Engages in Harassment and Abusive Tactics

12.      The Defendants first called the Plaintiff in early February, 2010.

13.      The Defendants immediately threatened to prosecute the Plaintiff for felony larceny charges if he did not pay the Alleged Debt.

14.     The Defendants falsely represented they were calling from a law firm in order to pressure the Plaintiff to pay the Alleged Debt.

15.     The Defendants stated they would be bringing the Plaintiff to superior court and he would be hearing from a constable.

16.     Within five days of their initial communication, the Defendants did not send to the Plaintiff a written notice validating the debt and notifying him of his right to dispute the debut under state and federal law.

**C.  Plaintiff Suffered Actual Damages**

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

22.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with imprisonment if the Alleged Debt was not paid.

3

23.    The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

24.    The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

25.    The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Alleged Debt.

27.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Alleged Debt was owed.

28.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Alleged Debt within thirty days.

29.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

30.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

31.    The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Alleged Debt had not been validated.

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

35.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

36.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

37.     All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT III
## COMMON LAW FRAUD

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Massachusetts.

40.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things,

humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the

Defendants. All acts of Defendants and the Collectors complained of herein were committed

with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to

punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c.  93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6.  Punitive damages; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 23, 2010

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff