UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MARK COOK,
        Plaintiff,

v.

ASHTON & WEINBERG, INC.; and
DOES 1-10, INCLUSIVE,
        Defendants.

CIVIL ACTION NO. 1:10-CV-10341-DPW

## MOTION OF ASHTON & WEINBERG, INC. FOR
## JUDGMENT OF DISMISSAL ON THE PLEADINGS

Pursuant to Fed. Rules Civ. P. 12(c), 12(b)(6), and 9(b), the defendant Ashton & Weinberg, Inc. ("Ashton") moves for judgment on the pleadings dismissing the Complaint. All three counts of the Complaint should be dismissed for the following reasons:

### ARGUMENT

I.    The Subject Debt Arose From A Dishonored Check Issued In A Business Transaction, So The FDCPA Is Inapplicable As A Matter Of Law.

Count I purports to allege unlawful collection activity in violation of the FDCPA. The plaintiff's debt arose from a bad check issued in payment of business services (computer-repair work) that the plaintiff provided as part of commercial activity. (Ver. Ans. ¶¶ 8-9, Fifth Aff. Def.).[1] The debt does not relate to a consumer transaction. The FDCPA does not apply to commercial debt; nor does it apply to debts arising from bad checks. Therefore, it does not apply to the plaintiff's debt. E.g., Roberts v. Cirone, 2010 WL 2573203 (D. Mass. June 23, 2010) (FDCPA does not apply to collection of debt arising from purchase of business equipment); Zimmerman v. HBO Affiliate Group, 834 F.2d 1163 (3d Cir. 1987) (FDCPA does not apply to

---

[1] All citations are to the complaint and Ashton's verified answer.

debts arising from dishonored checks); Holman v. West Valley Collection Serv., Inc., 60 F. Supp. 2d 935 (D. Minn. 1999) (FDCPA does not apply to debt arising from purchase of business equipment); Ditty v. Checkrite, Ltd., Inc., 973 F. Supp. 1320 (D. Utah 1997) (FDCPA does not apply to debts stemming from dishonored check issued as part of business transaction). Pursuant to this line of authority, Count I must be dismissed.

II.  Count II Fails To State A Claim For Intentional Infliction Of Emotional Distress.

The elements of the tort of intentional infliction of emotional distress are well established. The plaintiff must allege and prove that: (1) the defendant intended to inflict emotional distress; (2) the defendant's conduct was extreme, outrageous, beyond all bounds of decency, and intolerable; (3) the defendant's actions caused the plaintiff distress; and (4) the plaintiff's distress was severe and of a nature that no reasonable person could endure it. E.g., Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996); Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976).

Count II does not plead this tort. Elements one and two are referred to indirectly if at all, and there are no non-conclusory allegations relating to elements three and four -- causation and severity of distress. (Comp. ¶¶ 34-37) Further, on the pleadings as a whole, it is undisputed that the parties communicated cordially and in a manner inconsistent with the plaintiff's purported claims, and expressly settled any differences. (Ver. Ans., Fifth Aff. Def.) On this record no emotional distress claim is stated. See and compare Sena v. Commonwealth, 417 Mass. 250, 264 (1993) (threatening to obtain arrest warrants does not justify emotional distress claim). Count II must be dismissed.

III.  The Purported Fraud Claim In Count III Has Not Been Pleaded With Particularity.

Fraud claims must be pleaded with particularity. Fed. R. Civ. P. 9(b). The particularity requirement is vigorous; all details (such as who, what, where, and when) relating to the

allegedly fraudulent conduct must be pleaded. E.g., United States, ex. rel. Karvelas v. Melrose-Wakefield Hospital, 360 F.3d 220, 226 (1st Cir.), cert. denied, 543 U.S. 820 (2004); JSB Industries, Inc. v. Nexus Payroll Serv., Inc., 463 F. Supp. 2d 103 (D. Mass. 2006). There are no allegations of that sort in Count III, which consists of only the most generic and conclusory allegations under the heading "Common Law Fraud." Count III must also be dismissed.

## CONCLUSION

Count I of the complaint purports to assert an FDCPA claim that arises from a commercial debt and a dishonored check as to which the FDCPA is inapplicable as a matter of law. Counts II and III are based on bland, conclusory allegations that do not address required legal elements, are procedurally inadequate, and fall far short of the stringent standard of Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-1969 (2007) ("plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions.") The complaint states no claim. The defendant Ashton & Weinberg, Inc. requests that this Court grant this Motion and order that the complaint be dismissed.

ASHTON & WEINBERG, INC.

By their attorneys,

 /s/ John J. O'Connor 
John J. O'Connor
BBO # 555251
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210-2261
(617) 951-2100
joconnor@peabodyarnold.com

Dated:  September 30, 2010.

## LOCAL RULE 7.1 CERTIFICATION

I, John J. O'Connor, certify that I have communicated with plaintiff's counsel in compliance with Local Rule 7.1.

                                        /s/ John J. O'Connor
                                        John J. O'Connor

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th of September, 2010, I served a copy of the attached Motion of Ashton & Weinberg, Inc. to Dismiss via ECF on all counsel of record.

                                        /s/ John J. O'Connor
                                        John J. O'Connor

731166_1